[Civ. No. 52657. Second Dist., Div. Two. Apr. 10, 1978.]

VINCENT GRANT et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
SOUTH COAST REGIONAL COMMISSION,
Real Party in Interest.

**COUNSEL**

Gary Smolker and Francis S. Maas for Petitioners.

No appearance for Respondent.

Evelle J. Younger, Attorney General, R. H. Connett, Assistant Attorney General, Edwin J. Dubiel, Alan Robert Block, Gary A. Wexler and David A. Eissler, Deputy Attorneys General, for Real Party in Interest.

**OPINION**

**ROTH, P. J.**—Petition for writ of mandate to require respondent court to vacate its order denying a petition to require the Coastal Commission to

issue an exemption from the California Coastal Act of 1976, and enter a new and different order granting said petition. We granted an alternative writ.

## FACTS

This petition involves an apparent conflict between Public Resources Code sections 30801 and 30625, and the question whether petitioners failed to exhaust their administrative remedies under the Coastal Act of 1976.

Petitioners applied to the South Coast Regional Commission for an exemption from the coastal development permit requirements of the Coastal Act of 1976. They are the developers of a three-story apartment building consisting of 49 units with on-site parking and recreational facilities. In their claim of exemption form they mention that they propose to convert the project to condominiums, that is, to subdivide. After a hearing, the regional commission found that petitioners had a vested right[1] in the development as an apartment, but had acquired no such right as to the proposal to convert the project to condominiums.

Petitioners did not appeal the decision of the regional commission to the state commission, as provided in Public Resources Code section 30625. Petitioners then sought to overturn the decision of the regional commission by way of administrative mandamus[2] arguing that Public Resources Code section 30801 provides a separate and independent avenue of review. The superior court denied the petition upon the ground that petitioners had failed to exhaust their administrative remedies. Petitioners then filed this petition in the Court of Appeal. While the order of the superior court is appealable,[3] petitioners have alleged economic hardship and we are willing to entertain this petition for that reason.

## DISCUSSION

■ It is a basic rule that judicial review of administrative rulings is not granted unless the party seeking relief has exhausted all available means of administrative review. (*Abelleira* v. *District Court of Appeal,* 17 Cal.2d 280 [109 P.2d 942, 132 A.L.R. 715]). It has even been held that

[1]Public Resources Code section 30608.

[2]Code of Civil Procedure section 1094.5.

[3]Code of Civil Procedure section 1094.5, subdivision (f).

exhaustion of administrative remedies is not a matter of judicial discretion, but rather is jurisdictional. (*United States* v. *Superior Court,* 19 Cal.2d 189 [120 P.2d 26]). The right of appeal from a decision of the regional commission to the state commission is contained in Public Resources Code section 30625, and in California Administrative Code, title 14, sections 13113, 13123, and 13206.

With that rule in mind, and having in mind also Public Resources Code section 30625, it becomes very clear that Public Resources Code section 30801 contemplates judicial review only after exhaustion of administrative remedies. The Legislature must be deemed to have been aware of the doctrine of exhaustion of administrative remedies, and made no express exemption from that requirement in the statute. The reason section 30801 refers to a decision or action of the regional commission is that such a decision or action can become final for purposes of judicial review if the state commission fails to act on an appeal. (Pub. Resources Code, § 30625, subd. (a)). But where no appeal is taken, there is a failure to exhaust administrative remedies, and mandamus will not lie. The petition is denied.

Fleming, J., and Beach, J., concurred.